Kyle P. Kelley, Esq. [State Bar No. 178302]
e-mail: kkelley@kpklaw.com
LAW OFFICES OF KYLE P. KELLEY
433 North Camden Drive, Suite 965
Beverly Hills, California 90210
Telephone: (310) 273-0590
Facsimile: (310) 273-1115

Attorney for Plaintiffs
Xnergy Financial, LLC and Mulholland Investors

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XNERGY FINANCIAL, LLC, a California Limited Liability Company; NEXT POINT CAPITAL CORPORATION, a California corporation d/b/a MULHOLLAND INVESTORS;<br><br>Plaintiffs,<br><br>vs.<br><br>CTX VIRTUAL TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV12-3110 PSG (RZx)<br><br>STIPULATED PROTECTIVE ORDER<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

**1.      PURPOSES AND LIMITATIONS**

.        Disclosure and discovery activity in this action are likely to involve the production of financial information, including confidential sources of corporate financing and other financing sources which are confidential trade secrets of the parties, and may also involve the production of private financing agreements which contain confidential financial information of the parties, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the

protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79 5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal. The Parties further acknowledge that this Stipulated Protective Order does not affect either Party's right to use or disclose its own confidential, proprietary, or private information, or documents or information that (i) are or at any time were generally available to the public, (ii) were obtained from sources other than through disclosure or discovery in this litigation, or (iii) were obtained prior to execution by the Parties of this Stipulated Protective Order.

**2.    GOOD CAUSE STATEMENT**

Good cause exists for entry of this Stipulated Protective Order because discovery in this action is likely to involve trade secret information, including confidential sources of corporate financing and other financing sources which are confidential trade secrets of the parties, and may also involve the production of private financing agreements which contain confidential financial information of the parties. Specifically, plaintiff Xnergy Financial LLC is engaged in the business of locating and securing corporate financing, and plaintiff Next Point Capital Corporation is in the business of providing corporate financing. The sources on which plaintiffs draw their financing and transact business are confidential trade secrets. Likewise, defendant CTX Virtual Technologies, Inc. may have entered into or negotiated various private transaction(s) and/or financing agreements that contain confidential information and trade secrets and/or is subject to other confidentiality agreements. Furthermore, entry of a Protective Order will encourage the Parties to disclose confidential information, which may facilitate an early mediation and possible non-judicial resolution of the case.

**3.    DEFINITIONS**

3.1    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

3.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.3     "Confidential" Information or Items:  investment banking agreements, due diligence materials, private placement memorandum and supporting materials, and/or other investment materials and negotiations related to private and public financing, ~~and any trade secrets or other confidential technical or strategic information that has not been made public (regardless of how generated, stored or maintained) that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c)~~.

3.4     "Highly Confidential - Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

3.5     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

3.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

3.8     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."  Protected Material does not include any Disclosure or Discovery Material that (i) is or at any time was generally available to the public, (ii) was obtained from sources other than through disclosure or discovery in this litigation, or (iii) was obtained prior to execution of this Stipulated Protective Order.

3.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.10    House Counsel:  attorneys who are employees of a Party.

3.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

3.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**4.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**5.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a.   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of

the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

      b.    For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days (beginning to run when the testifying Party receives a transcript from the reporter) to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

      c.    For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

6.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   Meet and Confer. If a Receiving Party, at any time, wishes to have the "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation of any particular documents, deposition testimony or information removed or changed, that party shall first request in writing that the Designating Party remove its designation and state the reason therefor.

7.3   Judicial Intervention. Within five (5) business days of the service of such request, counsel for the Designating Party seeking "Confidential" or "Highly Confidential - Attorneys' Eyes Only" treatment shall serve its response in writing to any such notification by either: (i) withdrawing such "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation, or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the Designating Party believes the particular documents, deposition testimony or information are entitled to that designation. If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the Designating Party seeking "Confidential" or "Highly Confidential - Attorneys' Eyes Only" treatment must comply with Local Rule 37-2 (Joint Stipulation) to seek permission of the Court to designate the particular documents, deposition testimony or information as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If the Parties wish to file the Local Rule 37-2 Joint

Stipulation under seal, the Parties may file a stipulation or the Designating Party may file an ex parte application requesting that the Joint Stipulation be filed under seal. The stipulation or ex parte application must set forth good cause as to why the Joint Stipulation or portions thereof should be filed under seal.

7.4   Burden of Proof. The Designating Party shall have the burden of proving that the documents, deposition testimony or information at issue are properly designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." If a Local Rule 37-2 Joint Stipulation is timely filed, the Parties shall treat the document, deposition testimony or information as originally designated until the motion is decided by the Court.

**8.    ACCESS TO USE OF PROTECTED MATERIAL**

8.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL, as applicable, only to:

   a.   The Receiving Party and the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      c.      Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      d.      The Court and its personnel;

      e.      Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      f.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who, from the face of the document, appear to have previously authored or received it, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

      g.      The author of the document or the original source of the information.

8.3      Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

      a.      The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      b.      House Counsel of a Receiving Party acting in a legal capacity and to whom disclosure is reasonably necessary for this litigation;

      c.      Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      d.      The Court and its personnel;

   e. Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

   f. The author of the document or the original source of the information.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

/ / /

**11.    FILING PROTECTED MATERIAL**

If Protected Material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers - or the confidential portion thereof - under seal; the application must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must provide the Designating Party with any notice required to secure a court order and must comply with Civil Local Rule 79 5.

**12.    TRIAL**

The protections of this Protective Order shall extend only up until the first day of any trial that may be held in this action. If there is a trial, then all information that was previously designated as Protected Material shall become public and will presumptively be available to all members of the public, including the press. If the Parties wish to maintain the confidentiality of Protected Material, they must demonstrate good cause to the district judge in advance of the trial.

If there is no trial in this action and the case reaches a final disposition in another manner, then the Protected Material shall not lose its "Confidential" or "Highly Confidential - Attorneys' Eyes Only" designation.

**13.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

11
STIPULATED PROTECTIVE ORDER

1  compilations, summaries or any other form of reproducing or capturing any of the Protected
2  Material. With permission in writing from the Designating Party, the Receiving Party may destroy
3  some or all of the Protected Material instead of returning it. Whether the Protected Material is
4  returned or destroyed, the Receiving Party must submit a written certification to the Producing Party
5  (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that
6  identifies (by category, where appropriate) all the Protected Material that was returned or destroyed
7  and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,
8  summaries or other forms of reproducing or capturing any of the Protected Material.
9  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,
10 motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such
11 materials contain Protected Material. Any such archival copies that contain or constitute Protected
12 Material remain subject to this Protective Order as set forth in Section 5 (DURATION), above.

13 **14.    RETURN OF INADVERTENTLY PRODUCED MATERIALS**

14       The disclosure or production of documents protected by the attorney-client privilege or
15 work-product protection, whether inadvertent or not, will not constitute a waiver of the privilege or
16 protection by the disclosing Party in either the litigation pending before the Court, or any other
17 Federal or State proceeding.

18       In the event that the Receiving Party discovers that it has received either attorney-client
19 privilege or work-product protected documents, it will bring that fact to the attention of the
20 Producing Party immediately upon discovery.

21       In the event that the Producing Party discovers that it has produced either attorney-client
22 privilege or work-product protected documents, it will bring that fact to the attention of the
23 Receiving Party immediately upon discovery.

24       Upon request by the Producing Party, the Receiving Party will promptly return to the
25 Producing Party any attorney client privilege or work-product-protected document and any copies
26 that the Receiving Party may have made.

27       Upon request by the Producing Party, the Receiving Party will promptly disclose the names
28 of any individuals who have read or have had access to the attorney-client privilege or

work-product-protected document. Further, the Receiving Party must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified.

No such produced attorney-client privilege or work-product-protected document may be used in evidence against the Producing Party.

**15. MISCELLANEOUS**

15.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

DATED: January 14, 2013

_____
Hon. Ralph Zaresky
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of Xnergy Financial LLC vs. CTX Virtual Technologies, Inc., CV12-3110 PSG (RZx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____[print or type full address and telephone number], as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City/State where sworn and signed: _____

Printed name: _____

Signature:     _____